## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| PINEY WOODS RESOURCES, INC., | Case No. 19-01390-DSC-11 |
| Debtor. Tax I.D. No. 45-5610129 | |
| In re: | Chapter 11 |
| JESSE CREEK MINING, LLC, | Case No. 19—01394-DSC-11 |
| Debtor. Tax I.D. No. 45-5610533 | |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER
### (I) DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES AND
### (II) GRANTING RELATED RELIEF

Piney Woods Resources, Inc., and its debtor affiliate, Jesse Creek Mining, LLC, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), respectfully state the following in support of this motion for entry of an order (i) directing joint administration of the Debtors' chapter 11 cases and (ii) granting related relief ("Motion"):

### Relief Requested

1. The Debtors seek entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A:** (a) directing procedural consolidation and joint administration of these chapter 11 cases; and (b) granting related relief. The Debtors request that one file and one docket be maintained for all of the jointly administered cases under the case of Piney Woods Resources, Inc. (the ultimate parent company for each of the Debtors) and that the cases be administered under a consolidated caption, as follows:

1

Case 19-01394-DSC11    Doc 3    Filed 04/02/19    Entered 04/02/19 17:09:24    Desc Main
Document    Page 1 of 10

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| In re:<br><br>PINEY WOODS RESOURCES, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 19-01390-DSC-11<br><br>(Jointly Administered) |

2. The Debtors further request that this Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

3. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of Jesse Creek Mining, LLC to reflect the joint administration of these chapter 11 cases: "An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing joint administration for procedural purposes only of the chapter 11 cases of Piney Woods Resources, Inc., Case No. 19-01390-DSC-11 and Jesse Creek Mining, LLC, Case No. 19-01394-DSC-11. **The docket in Case No. 19-01390-DSC-11 should be consulted for all matters affecting this case.**"

4. The United States Bankruptcy Court for the Northern District of Alabama (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *General Order of Reference* from the United States District Court for the Northern District of Alabama, dated January 12, 1995. The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent

of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The bases for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 1015(b).

### Background

7. The Debtors are engaged in the production and sale of metallurgical grade coal from a mining complex located in Shelby County, Alabama. Debtor Piney Woods Resources, Inc. is the parent company of Jesse Creek Mining, LLC. The Jesse Creek mining complex consists of a surface and highwall mining operation, a preparation plant, and an underground mine development project. Mining and development operations were idled on March 27, 2019.

8. On the Commencement Date, each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

### Basis for Relief

9. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The Debtor entities that commenced chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

3

10. Joint administration is generally non-controversial, and courts in this jurisdiction and others routinely order joint administration in cases with multiple related debtors. *See, e.g., In re Walter Energy, Inc.,* Case No. 15-02741 (TOM) (Bankr. N.D. Ala. July 15, 2015) (directing joint administration of chapter 11 cases); *In re Bill Heard Enters., Inc.,* Case No. 08-83029 (JAC) (Bankr. N.D. Ala. Sept. 30, 2008) (same); *In re Carraway Methodist Health Sys.,* Case No. 06-03501 (TOM) (Bankr. N.D. Ala. Sept. 19, 2006) (same); *In re Mission Coal Company, LLC*, Case No. 18-04177 (TOM) (Bankr. N.D. Ala. Oct. 16, 2018) (same); *see also In re Westmoreland Coal Co.,* Case No. 18-35672 (DRJ) (Bankr. S.D. Tex. Oct. 9, 2018) (same); *In re Armstrong Energy, Inc.,* Case No. 17-47541-659 (KSS) (Bankr. E.D. Mo. Nov. 2, 2017) (same).[1]

11. Given the integrated nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

12. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

---

[1] Many of the orders referenced in this paragraph are voluminous and, therefore, not attached to the Motion. They are publicly available or can be provided upon request to the Debtors' proposed counsel.

## Notice

13. The Debtors will provide notice of this Motion to: (a) the Office of the Bankruptcy Administrator for the Northern District of Alabama; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the lenders under the Debtors' debtor-in-possession credit agreement and prepetition first-lien credit agreements; (d) all other secured lenders; (e) equipment and real property lessors; (f) the United States Attorney's Office for the Northern District of Alabama; (g) the United States Internal Revenue Service; (h) the Alabama Department of Revenue; (i) the United States Environmental Protection Agency; (j) the Alabama Surface Mining Commission; (k) the Alabama Department of Environmental Management; (l) the office of the attorneys general for the states in which the Debtors operate; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

14. No prior request for the relief sought in this Motion has been made to this or any other court.

[Remainder of Page Intentionally Left Blank]

WHEREFORE, the Debtors respectfully request that the Court enter the Order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

| | |
|---|---|
| Birmingham, Alabama<br>Dated: 04/02/2019 | */s/Lee R. Benton*<br>Lee R. Benton<br>Samuel C. Stephens<br>BENTON & CENTENO, LLP<br>2019 Third Avenue North<br>Birmingham, Alabama 35203<br>Telephone: (205) 278-8000<br>lbenton@bcattys.com<br>sstephens@bcattys.com<br><br>– and –<br><br>Mary Elisabeth Naumann (KY Bar # 88328)<br>(*Pro hac admission pending*)<br>Chacey R. Malhouitre (KY Bar # 91019)<br>(*Pro hac admission pending*)<br>JACKSON KELLY PLLC<br>175 E. Main Street, Ste. 500<br>Lexington, KY 40507<br>Telephone: (859) 255-9500<br>mnaumann@jacksonkelly.com<br>chacey.malhouitre@jacksonkelly.com<br><br>*Proposed Co-Counsel to the Debtors* |

6

**Exhibit A**

**Proposed Order**

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| PINEY WOODS RESOURCES, INC., | Case No. 19-01390-DSC-11 |
| Debtor. <br> Tax I.D. No. 45-5610129 | |
| In re: | Chapter 11 |
| JESSE CREEK MINING, LLC, | Case No. 19-01394-DSC-11 |
| Debtor. <br> Tax I.D. No. 45-5610533 | |

## ORDER (I) DIRECTING JOINT ADMINISTRATION OF
## CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF

Upon the Motion[1] of the above-captioned Debtors for entry of an order (this "Order") (a) directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *General Order of Reference* from the United States District Court for the Northern District of Alabama, dated January 12, 1995; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and

---

[1] Capitalized terms shall have the same meanings as defined in the Motion unless otherwise defined herein.

1

this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 19-01390-DSC-11

3. The caption of the jointly administered cases should read as follows:

---

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| PINEY WOODS RESOURCES, INC., *et al.*, | Case No. 19-01390-DSC-11 |
| Debtors. | (Jointly Administered) |

---

4. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5. A docket entry, substantially similar to the following, be entered on the docket of Jesse Creek Mining, LLC to reflect the joint administration of these chapter 11 cases: "An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing joint administration for procedural purposes only of the chapter 11 cases of Piney Woods

Resources, Inc., Case No. 19-01390-DSC-11 and Jesse Creek Mining, LLC, Case No. 19-01394-DSC-11. **The docket in Case No. 19-01390-DSC-11 should be consulted for all matters affecting this case.**"

6. The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the Northern District of Alabama shall keep, one consolidated docket, one file, and one consolidated service list for these chapter 11 cases.

7. The Debtors are authorized to prepare and file their monthly operating reports on a consolidated basis.

8. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an Order substantively consolidating their respective cases.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) are satisfied by such notice.

10. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

12. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2019  
Birmingham, Alabama

_____  
UNITED STATES BANKRUPTCY JUDGE

3